

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-14-00049-CV

## IN RE WILLIAM L. REECE

---

## Original Proceeding

---

## MEMORANDUM OPINION

---

In this original proceeding,[1] Relator William L. Reece requests a writ of mandamus compelling the Respondent trial court judge to order service of citation and substituted service of process on the defendant Lorne Johnson in the underlying civil suit. In Reece's prior appeal in the underlying suit, we reversed the trial court's dismissal of Reece's Theft Liability Act claim against Johnson in Johnson's individual capacity and remanded the case for further proceedings. *Reece v. Johnson*, No. 10-12-00077-CV, 2013 WL 4511930, at *4-6 (Tex. App.—Waco Aug. 22, 2013, no pet.). At that

---

[1] Reece has filed supplemental documents, including an amended (supplemental) appendix with the underlying motion, to cure several deficiencies in his original filings, but these documents lack proof of service on the Respondent trial judge. *See* TEX. R. APP. P. 9.5. Because of our disposition and to expedite it, we will implement Rule 2 and suspend that rule. *Id.* 2. Also because of our disposition, Reece's motion for suspension of appellate rules is dismissed as moot.

time, Johnson had not been served in the underlying suit because, when service was attempted, Johnson was no longer employed by the Texas Department of Criminal Justice. *Id.* at *1. Reece's mandamus petition recounts that event, and it does not indicate any subsequent attempted service of process on Johnson by Reece.

Reece's motion for substituted service asserted that he has no other address for Johnson and that Reece, as an inmate, has no resources for obtaining Johnson's current address. Reece therefore requested substituted service on Johnson by having Johnson served by the district clerk (1) through the attorney general, (2) through publication, or (3) through any means authorized by Rule of Civil Procedure 106.

As the plaintiff below, Reece is the party responsible for requesting issuance of citation *from the clerk*, not from the trial court judge. TEX. R. CIV. P. 99(a). And as the party requesting citation, Reece is responsible for obtaining service on Johnson of the citation and a copy of the petition. *Id.* Reece, not the clerk or the trial court judge, is also responsible for attempting to locate Johnson for service. While Reece's confinement prevents his use of typical resources for locating a defendant in a civil case, he can creatively use what resources are available to locate Johnson.

To conclude, Reece has not located Johnson's "usual place of business or usual place of abode or other place where the defendant can probably be found." TEX. R. CIV. P. 106(b). Therefore, Reece could not have unsuccessfully attempted service at any of those places to warrant substituted service under Rule 106(b), *see id.*, and the trial court judge thus did not abuse his discretion in denying Reece's motion for substituted service.

Accordingly, the petition for writ of mandamus is denied.

REX D. DAVIS<br>
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition denied
Opinion delivered and filed April 17, 2014
[OT06]